# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:18-CV-906 SRW |
| ) | |
| BILL STANGE,[1] ) | |
| ) | |
| Respondent(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Edward Allen Moore for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is fully briefed. Both parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, the petition for a writ of habeas corpus is denied.

**I.     BACKGROUND**

In 1991, Petitioner was convicted of first-degree assault and sentenced to thirty years imprisonment. In June 2017, Petitioner was paroled. Less than two months later, in July 2017, St. Louis City police officers arrested Petitioner for new assault charges. According to the police report, Petitioner attacked four people with a ball-peen hammer and a large stick, causing massive head trauma to three of the victims, and injuries to the fourth. Two days after being arrested, a Parole Board officer filed a Field Violation report for Petitioner in regard to the assault. The officer provided Petitioner with a copy of the violation report, the "Rights of

---

[1] Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. ECF No. 22. Bill Stange is the Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

1

Offender to Preliminary Hearing and Revocation Hearing" booklet, and a preliminary hearing request form. Petitioner signed the document requesting a preliminary hearing. This document also notified Petitioner of the date of the hearing, the name of the hearing officer, and the names of the witnesses the State would call.

On August 8, 2017, a preliminary parole revocation hearing was held, and a hearing officer found probable cause to believe Petitioner violated the conditions of his parole. At the hearing, Petitioner questioned Detective Steven Strohmeyer, but he called no witnesses on his own behalf.

On June 8, 2018, a jury found Petitioner guilty of four counts of first-degree assault and four counts of armed criminal action stemming from the assault in July 2017. The circuit court sentenced him to consecutive sentences of "30 years or life" on his four counts of assault and concurrent thirty-year sentences on his four counts of armed criminal action.

Petitioner now challenges his preliminary parole revocation; he is not challenging his 2018 convictions. On December 14, 2020, Petitioner filed a document dated May 7, 2019, noting the Missouri Court of Appeals had vacated the judgment for his 2018 convictions because sentences of "30 years or life" conflicted with the Missouri sentencing statutes. However, Petitioner failed to mention that the trial court resentenced him on August 1, 2019, to four consecutive thirty-year sentences and four concurrent thirty-year sentences. Petitioner is therefore serving a sentence of 120 years in prison on the 2018 convictions. The appeal of those convictions continues.

**II.     STANDARD**

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a § 2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in State court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

3

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); *Wood*, 558 U.S. at 293.

**III.   DISCUSSION**

Petitioner asserts three grounds for relief in his Petition: (1) he was arbitrarily denied confrontation of his accuser at his preliminary parole revocation hearing; (2) he was arbitrarily denied an opportunity to present a defense at the hearing; and (3) the finding of probable cause to believe he violated his parole is not supported by any admissible, substantive evidence.

All of Petitioner's claims concern what occurred at his preliminary parole revocation hearing. Subsequent to that hearing, Petitioner was convicted on June 8, 2018, and sentenced to 120 years of imprisonment for his new crimes. His parole was finally revoked on March 8, 2019. (ECF No. 27-1). Any error at his preliminary parole revocation hearing has been rendered moot by the final revocation hearing and order. *See Pierson v. Palmer*, No. CIV.A.01-CV-71851-DT, 2002 WL 31236195 at *4 (E.D. Mich. Sept. 4, 2002) (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *see also United States v. McFarland*, 726 Fed. App'x 709, 712 (10th Cir. 2018). Petitioner no longer suffers actual injury that can be redressed by a favorable judicial decision as the granting of Petitioner's petition would have no effect on his present custody status. Therefore, the Court must dismiss the Petition as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Edward Allen Moore for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED, as moot**. A separate judgment in accord with this Order is entered on this same date.

So Ordered this 28th day of December, 2020.

                                          */s/ Stephen R. Welby*
                                          **STEPHEN R. WELBY**
                                          **UNITED STATES MAGISTRATE JUDGE**